# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**CLAUDIO FERREIRA,**

            **Plaintiff,**

**-vs-**                                                                                     **Case No. 6:05-cv-893-Orl-22DAB**

**NETWORK EXPRESS, INC.,**

            **Defendant.**

_____

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **DEFENDANT'S MOTION TO COMPEL PLAINTIFF, CLAUDIO FERREIRA, TO ATTEND HIS DEPOSITION ON SEPTEMBER 27, 2006 (Doc. No. 31-1)**
>
> **FILED:** **August 23, 2006**
> _____
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED** in part and **DENIED** in part. **Plaintiff is cautioned that his case may be dismissed as a sanction if he fails to cooperate in discovery or appear at his deposition.**

Plaintiff is suing Defendant for unpaid overtime wages pursuant to the Fair Labor Standards Act. Defendant has noticed Plaintiff's deposition (by agreement) on two separate dates, June 22, 2006 and August 23, 2006. For both deposition dates, Plaintiff (through counsel) alerted Defendant's counsel with very little warning that Plaintiff was unavailable to be deposed on the previously agreed-to date. Defendant has rescheduled Plaintiff's deposition for the **third** time to take place on September 27, 2006 at 9:00 a.m.

Pursuant to Federal Rule of Civil Procedure 37, the Court may impose discovery sanctions, including dismissal, when a party "fails to obey an order to provide or permit discovery." Fed. R. Civ. P. 37(b)(2).[1] Rule 37 sanctions are intended to prevent unfair prejudice to the litigants and insure the integrity of the discovery process. *Gratton v. Great American Communications*, 178 F.3d 1373, 1374-1375 (11th Cir. 1999) (affirming dismissal of suit for discovery abuse where trial court found that plaintiff bore "substantial responsibility" for the delays in discovery and that the defendants were not at all at fault).

Rule 37(b)(2) provides a range of sanctions that a district court may impose upon parties for failure to comply with the court's discovery orders. It provides that the court, in its discretion, may impose, among others, the following sanctions: (1) the court may order that disputed facts related to the violated order be considered established in accordance with the claim of the party obtaining the sanctions order; (2) the court may refuse to permit the violating party to raise certain defenses, or it may prohibit that party from opposing certain claims or defenses of the party obtaining the sanctions order; (3) the court may strike any pleadings or any parts of the pleadings of the violating party, stay the proceedings, or even dismiss the action or enter a judgment of default against the violating party; and (4) the court may consider the violation a contempt of court." Fed. R. Civ. P. 37.

In *Phipps v. Blakeney*, plaintiff alleging constitutional violations failed to appear for his deposition. 8 F.3d 788, 789 (11th Cir. 1993). The trial court then granted the defendant's motion to compel and ordered plaintiff to appear for his deposition, making it clear that failure to appear would result in Rule 37 sanctions, which could include a dismissal of the case. *Id*. The plaintiff refused to

---

[1] Rule 41(b) also authorizes a district court to dismiss a complaint for failure to prosecute or failure to comply with a court order or the federal rules. *See* Fed. R. Civ. P. 41(b).

attend a court-ordered discovery conference and failed to attend his deposition. *Id*. Despite his continued defiance, the court gave plaintiff one final warning that his case was subject to dismissal if he failed to attend his re-scheduled deposition. *Id.* at 790. When plaintiff failed to attend his deposition, the court dismissed his case as a sanction for his willful failure to comply with the court's discovery orders. *Id.* The Eleventh Circuit affirmed, holding that when a plaintiff deliberately and defiantly refuses to obey discovery orders, the trial judge has the authority to deny that plaintiff further access to the court to pursue the case and dismissal is proper. *Id*. at 791.

Plaintiff is **ORDERED** to appear at his September 27, 2006 deposition or he will be subject to sanctions, including the possibility of dismissal if he fails to appear. "A party's repeated failure to obey the Court's discovery orders may result in a stay of proceedings until the order is obeyed, **dismissal of the action** or judgment by default, and order for the disobedient party to pay attorney's fees and other reasonable expenses." FED. R. CIV. P. 37(b)(2).

To the extent the Motion seeks costs, the issue is **DENIED** without prejudice to its refiling at the close of discovery, depending on circumstances as they exist at that time.

**DONE** and **ORDERED** in Orlando, Florida on September 6, 2006.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record